First National Bank of Gloucester, Respondent, v. John Cox et al., Appellants.

In an action upon a promissory note made by defendants, payable to the order of S., it appeared that S. sold it to plaintiff before maturity and for value. The defense was that S. took up the note after maturity, and that as against him the defendant had an offset. The testimony showed that, upon protest, plaintiff requested S. to take up the note, but he declined and requested that it be collected of defendants. Plaintiff sent it to its New York correspondent with directions to deliver it to B. for collection. B. delivered it to the plaintiff's attorney, who brought this action. Defendants proved that after the maturity of the note it was in the hands of E., an employe of S., who demanded payment. It did not appear how it came into the hands of E. Further declarations of E. were excluded for want of proof that he acted with the knowledge of or under the authority of plaintiff. The court directed judgment for plaintiff. *Held*, no error; that there was nothing in the possession of the note by E. inconsistent with plaintiff's ownership; that S. had, as indorsee, an interest to compel payment by the makers, and the fact that an employe of his presented it and sought its payment is entirely consistent with plaintiff's ownership and the relations of the parties; and so, that the set-off was not available.

Mem. of decision below, 24 J. & S. 601.

(Argued June 24, 1890; decided October 7, 1890.)

Appeal from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made April 16, 1889, which affirmed a judgment in favor of plaintiff entered upon a verdict directed by the court.

This was an action upon a promissory note made by defendants to the order of one John Stinson.

*Jesse Johnson* for appellants. Assuming that it is proved in this case that the negotiable promissory note in suit was in the possession of some person representing Stinson, after it became due, there is proof sufficient to go to the jury that the note was then the property of Stinson. (*Gardiner* v. *Heart*, 1 N. Y. 528; *Miller* v. *L. I. R. R. Co.*, 71 id. 380; *Fish* v. *Skeet*, 21 Barb. 333; *Clute* v. *Voris*, 31 id. 511, 533; *Dollfus* v. *Frosch*, 1 Den. 367.) If the evidence created even

the slightest presumption in favor of the defendants, and would have been sufficient, if uncontradicted, to have sustained a verdict in their favor, then nothing which Bradford could say was sufficient to take the question from the jury. He was the agent of the plaintiff, and consequently his evidence could not furnish a basis for the direction of a verdict. (*Elwood* v. *W. U. T. Co.*, 45 N. Y. 553 ; *Kavanagh* v. *Wilson*, 70 id. 177 ; *Gildersleeve* v. *Landon*, 73 id. 609 ; *Wohlfahrt* v. *Beckert*, 92 id. 490.)

*James D. Fessenden* for respondent. The set-off was not available to defendants if the plaintiff purchased the note before maturity. (Code Civ. Pro. § 502.) The fact, testified to by defendant Dady, that Eaton, Stinson's business superintendent, had the note in suit, and called on defendants in relation thereto, was not competent evidence to rebut Bradford's as to receipt before maturity and continued ownership by plaintiff. (*Doubleday* v. *Kress*, 50 N. Y. 410.)

Finch, J. The defendants, under the name of John Cox & Co., made the promissory note in controversy payable to the order of Stinson, who sold the same to the plaintiff before maturity and for value. So much was established beyond contradiction. The defense attempted was that Stinson had taken up the note from the bank after its maturity, and that the defendants had an offset against him. The evidence contradicts any such transfer positively, for it shows that when Stinson was requested by the bank to take up the note, he declined on the ground that he was unable to pay it, and requested that it be collected of the makers. The bank sent it to its New York correspondent, with directions to deliver it to one Booth for collection. Booth delivered it to the plaintiff's attorney, who brought this action. The plaintiff produced the note on the trial and put it in evidence.

The only fact established on the part of the defense was that after the maturity of the note, it was seen in the hands of one Eaton, who was the superintendent of Stinson and in his

·employ. It did not appear how Eaton came to have the note, but merely that he demanded payment. Eaton's further declarations were excluded for want of proof that he acted with the knowledge and under the authority of plaintiff.

The court directed judgment for the plaintiff, and that is claimed to have been erroneous on the ground that there was a question for the jury as to the ownership of the note.

We think the trial judge was right. There was nothing in the possession of the note by Eaton inconsistent with the ownership of plaintiff. Stinson, as indorser, had an interest to compel payment by the makers, and that some employe of his should have presented the note and sought payment, is entirely consistent with the ownership of the bank and the relations of the parties. The proof did not at all contradict the case made in behalf of the plaintiff.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.